United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PHOENIX MONROE,

Plaintiff,

v.

MAPLEBEAR INC. D/B/A INSTACART,

Defendant.

Case No. 26-cv-05011-PHK

**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO APPEAR REMOTELY**

Re: Dkt. No. 14

## **INTRODUCTION**

Now before the Court is Plaintiff's Motion to Appear Remotely by Videoconference at the Motion to Compel Arbitration Hearing. [Dkt. 14]. On June 8, 2026, the Court set the hearing on Defendant's the Motion to Compel Arbitration for June 17, 2026. [Dkt. 11]. Plaintiff subsequently filed the instant Motion to Appear Remotely by Videoconference at the Motion to Compel Arbitration Hearing. [Dkt. 14]. Defendant opposes this motion. [Dkt. 18]. On June 9, 2026, the Court reset the hearing for the Motion to Compel Arbitration to August 25, 2026, to allow for the in-person appearance of all Parties. [Dkt. 15]. On June 15, 2026, Plaintiff Monroe emailed the Court again requesting to appear remotely at the Motion to Compel Arbitration Hearing.

## **LEGAL STANDARD**

The Court has full discretion in managing and organizing its docket, including the management of motions hearings. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). The undersigned has made clear in published Orders and on the Court's webpage that the undersigned has found, based on long experience, that in-person appearance at hearings is more productive and efficient than remote appearances, because it affords the Court and the Parties the chance to communicate much more effectively than on Zoom or by phone because of the chance to directly

perceive demeanor and body language. *See Thomson v. Equifax*, 2025 WL 3089068 at * 2 (N.D. Cal. Sept. 30, 2025) (Report and Recommendation to dismiss case with prejudice for failure of Party to obey Court Orders, including Orders to attend noticed hearings in-person) *adopted by* 2025 WL 3089062 (N.D. Cal. Oct. 20, 2025). Additionally, "[t]he Court has discretion to order in-person hearings when appropriate." *Ward v. Wesley Med. Ctr., LLC*, No. 23-1091-HLT-BGS, 2024 WL 989880, at *3 (D. Kan. Mar. 7, 2024).

**DISCUSSION**

Although Plaintiff is a resident of Texas, Plaintiff chose to file suit in this forum. As such, Plaintiff's concerns about inconvenience ring hollow when she knowingly and intentionally chose to file suit in San Francisco Superior Court. The fact that this case was removed from state court does not alter the geographic locus of the case venue. That is, the San Francisco courthouse for the Northern District of California sits a mere block away from Plaintiff's preferred forum/venue. Accordingly, Plaintiff's arguments regarding the inconvenience of travel are not well-supported.

Second, there is ample time between the date of this Order and the now re-set hearing date of August 25, 2026, for Plaintiff to search for and obtain discounted airfare from Texas to San Francisco. Accordingly, to the extent Plaintiff argues that cost is an issue for travel, those concerns are mitigated by the new hearing date, the existence of discount airlines which fly frequently and at lower cost between Texas and San Francisco, and the months of opportunity Plaintiff has to seek out discounted airfares and hotels. Further, to the extent Plaintiff alleges financial burden, her arguments are not supported by any declaration and are not supported by any objective evidence such as income statements, bank statements, earnings reports, asset reports, tax returns, or other documentation to indicate that the costs of travel impose an undue burden (again, where that burden must be viewed in light of the fact that Plaintiff chose to file suit originally here in San Francisco).

Third, Plaintiff has been on notice of this Court's strong preference for in-person hearings, at least based on the Court's Standing Orders and statements on the Court webpage for the undersigned. As noted, the undersigned has found through experience that in-person hearings, particularly for substantive motions such as the underlying motion to compel arbitration, are more constructive and conducive to the just, speedy, and inexpensive determination of actions. *See* Fed.

United States District Court
Northern District of California

2

R. Civ. P. 1.

Procedurally, Plaintiff's email request to appear remotely is improper under Sections VII(D) and XI of the Court's Standing Order for Civil Cases ("Parties are not to participate in communications with Court staff. Parties are not to email requests seeking … remote appearances".). For those reasons, the email request is not appropriate and not persuasive as well.

Finally, the instant Administrative Motion does not comply with Civil Local Rule 7-11(a), because it is not accompanied by a declaration that explains why a stipulation could not be obtained. For that reason, the instant Motion is deficient and defective. While Defendant has opposed the instant motion and made clear its substantive reasons for opposing, that does not explain why Plaintiff failed to obtain Defendant's views prior to filing the instant motion (and thus, had Plaintiff properly conferred with Defendant prior to filing, it is entirely possible that Plaintiff might have decided not to take up the Parties' or the Court's resources by filing the instant motion).

Accordingly, for all the reasons discussed herein, the Court **DENIES** the Motion requesting remote appearance. The hearing on the Motion to Compel Arbitration [Dkt. 9] will proceed with all Parties appearing in-person, in Courtroom F, as currently set on August 25, 2026, at 1 pm.

This Order **RESOLVES** Dkt. 14.

**IT IS SO ORDERED.**

Dated: June 25, 2026

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

3